hbk2ghaP kjc

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                          15 Cr. 793(JMF)

 5   VINCENT GHAHREMANI,

 6              Defendant.

 7   ------------------------------x

 8                                         November 20, 2017
                                           10:40 a.m.
 9

10   Before:

11                    HON. JESSE M. FURMAN,

12                                         District Judge

13

14                        APPEARANCES

15
     JOON H. KIM
16        Acting United States Attorney for
          the Southern District of New York
17   BY:  GEORGE D. TURNER
          Assistant United States Attorney
18

19   ALESSANDRA DeBLASIO
          Attorney for Defendant
20

21

22

23

24

25
```

hbk2ghaP kjc

1           (Case called)

2           MR. TURNER:  Good morning, your Honor.  George Turner

3    for the government.

4           THE COURT:  Good morning, Mr. Turner.

5           MS. DeBLASIO:  Good morning, your Honor.  Alessandra

6    DeBlasio, on behalf of Mr. Vincent Ghahremani.

7           THE COURT:  Good morning to the two of you, as well.

8    I am sorry to keep you all waiting.

9           So my understanding is that the defendant,

10   Mr. Ghahremani, wishes to change his plea and enter a plea of

11   guilty to Count One of the indictment, 15 Cr. 793.

12           Is that correct, Mr. Ghahremani?

13           MS. DeBLASIO:  That's correct, your Honor.

14           THE COURT:  So before I accept your guilty plea,

15   Mr. Ghahremani, I need to ask you certain questions to ensure

16   that you are pleading guilty because you are in fact guilty --

17   you can sit down for one moment.  I will ask you to stand in a

18   couple seconds, but for now you can sit -- to ensure that you

19   are pleading guilty because you are in fact guilty and not for

20   some other reason; to ensure that you know the rights that you

21   would be giving up by pleading guilty; and that you understand

22   the potential consequences of a guilty plea.

23           It is critical that you understand each of my

24   questions before you answer the questions, so if there is

25   something that you do not understand, I want you to let me know

3

hbk2ghaP kjc

```
1    right away so that your lawyer or I could explain it to you

2    more fully.  And if at any point you would like to speak with

3    your lawyer for whatever reason, just let me know and I will be

4    happy to give you however much time you wish to speak with her.

5              Do you understand?

6              THE DEFENDANT:  Yes, I do, your Honor.

7              THE COURT:  Could you just move the microphone a

8    little closer.

9              THE DEFENDANT:  Sure.

10             THE COURT:  Now I will ask you to stand so that my

11   deputy, Ms. Smallman, can administer the oath to you.

12             (Defendant sworn)

13             THE COURT:  Now you may be seated.

14             You are now under oath, which means that if you answer

15   any of my questions falsely, you may be subject to prosecution

16   for the separate crime of perjury.

17             Do you understand that?

18             THE DEFENDANT:  Yes, I do, your Honor.

19             THE COURT:  What is your full name?

20             THE DEFENDANT:  Vincent Ghahremani.

21             THE COURT:  How old are you?

22             THE DEFENDANT:  I am becoming 45 in November 23.

23             THE COURT:  Happy almost birthday.

24             How far did you go in school?

25             THE DEFENDANT:  I have graduated from university.
```

hbk2ghaP kjc

1            THE COURT:  And where did you go to university?

2            THE DEFENDANT:  In Norway.

3            THE COURT:  Have you ever been treated or hospitalized

4    for any mental illness?

5            THE DEFENDANT:  No, your Honor.

6            THE COURT:  Are you now or have you recently been

7    under the care of a doctor or a psychiatrist?

8            THE DEFENDANT:  No, your Honor.

9            THE COURT:  And have you ever been treated or

10   hospitalized for any type of addiction, including drug or

11   alcohol addiction?

12           THE DEFENDANT:  No, your Honor.

13           THE COURT:  Have you taken any drugs, medicine, pills,

14   or had any alcohol in the last 48 hours?

15           THE DEFENDANT:  No, your Honor.

16           THE COURT:  Is your mind clear today?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Do you understand what's happening here

19   today?

20           THE DEFENDANT:  Yes, I do.

21           THE COURT:  Ms. DeBlasio, have you discussed this

22   matter with Mr. Ghahremani?

23           MS. DeBLASIO:  Yes, I have, your Honor.  I'm not sure

24   if it is worth putting on the record, but he is a native Farsi

25   and Norwegian speaker.  English is his third or fourth

1    language, but he understands it perfectly.  And just so there

2    is no issue in the future, we always speak in English.

3              THE COURT:  I appreciate your making a record of that

4    and can confirm that certainly, based on my colloquy with

5    Mr. Ghahremani, he seems quite adept in English, so I have no

6    concerns, and he has confirmed that he can understand.

7              Is it the case that you are able to and comfortable

8    speaking in English?

9              THE DEFENDANT:  No, I'm fine.

10             THE COURT:  Great.

11             So, Ms. DeBlasio, you have discussed this matter with

12   Mr. Ghahremani?

13             MS. DeBLASIO:  Yes, your Honor.

14             THE COURT:  And does he understand the rights that he

15   would be giving up by pleading guilty?

16             MS. DeBLASIO:  He does, your Honor.

17             THE COURT:  And in your judgment, is he capable of

18   understanding the nature of these proceedings?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Does either counsel have any doubt as to

21   the defendant's competence to plead guilty at this time?

22             MS. DeBLASIO:  I have no doubt.

23             MR. TURNER:  No, your Honor.

24             THE COURT:  Great.

25             On the basis of Mr. Ghahremani's responses to me

6

hbk2ghaP kjc

1    questions, my observations of his demeanor here in court, and

2    the representations of counsel, I find that he is fully

3    competent to enter an informed plea of guilty at this time.

4            Mr. Ghahremani, have you received a copy of the

5    indictment, 15 Cr. 793, containing the charge to which you are

6    pleading guilty?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Have you read it?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  Did you discuss it with Ms. DeBlasio?

11           THE DEFENDANT:  Yes, several times.

12           THE COURT:  And did you have enough time to talk to

13   her about the charge to which you are pleading guilty and any

14   possible defenses to that charge?

15           THE DEFENDANT:  Yes, your Honor, I have.

16           THE COURT:  Did she explain to you the rights that you

17   would be giving up by pleading guilty?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Are you satisfied with her representation

20   of you?

21           THE DEFENDANT:  I am very satisfied, with

22   Ms. DeBlasio, yes, your Honor.

23           THE COURT:  I have here a written advice of rights

24   form that appears to have been signed by you and Ms. DeBlasio,

25   dated today, November 20.

hbk2ghaP kjc

1              If you can see it from there, I'm showing you page 2,

2      the signature page.  If you can see it, is that your

3      signature?

4              THE DEFENDANT:  That is my signature, your Honor.

5              THE COURT:  And before you signed that form, did you

6      read it.

7              THE DEFENDANT:  Yes.

8              THE COURT:  Before you signed it, did you discuss it

9      with Ms. DeBlasio?

10             THE DEFENDANT:  Yes, I did.

11             THE COURT:  Did she explain it to you and answer any

12     questions you may have had before you signed the form?

13             THE DEFENDANT:  Fully, yes, your Honor.

14             THE COURT:  Did you fully understand the form before

15     you signed it?

16             THE DEFENDANT:  I did fully understand it.

17             THE COURT:  I will mark this form as Exhibit 1 and

18     provide it to the government to retain in its possession after

19     this proceeding, but I'm going to go over many of the things

20     with you that are in the form just to ensure that you

21     understand what you are doing and the consequences of what you

22     are doing.

23             Under the Constitution and laws of the United States,

24     you have the right to plead not guilty to the charges in the

25     indictment.

hbk2ghaP kjc

```
 1                Do you understand that?
 2                THE DEFENDANT:  I do understand that, your Honor.
 3                THE COURT:  If you did plead not guilty, you would be
 4     entitled to a speedy and public trial by a jury on the charges
 5     in the indictment.
 6                Do you understand that?
 7                THE DEFENDANT:  I do understand that, your Honor.
 8                THE COURT:  At that trial, you would be presumed to be
 9     innocent and you would not have to prove that you were
10     innocent.  Instead, the government would be required to prove
11     your guilt by competent evidence beyond a reasonable doubt
12     before a jury could find you guilty.
13                Do you understand that?
14                THE DEFENDANT:  I do understand that, your Honor.
15                THE COURT:  In order to find you guilty, a jury of 12
16     people would have to agree unanimously that you were guilty.
17                Do you understand that?
18                THE DEFENDANT:  I do.
19                THE COURT:  At that trial, and at every stage of your
20     case, you would be entitled to be represented by a lawyer; and
21     if you could not afford a lawyer, one would be appointed at
22     public expense, free of cost, to represent you.
23                Do you understand that?
24                THE DEFENDANT:  I do understand that, your Honor.
25                THE COURT:  During a trial, the witnesses for the
```

hbk2ghaP kjc

1   government would be required to come to court and testify in

2   your presence, and your lawyer would have an opportunity to

3   cross-examine them and object to evidence that the government

4   would offer against you at trial.

5           You would also have an opportunity to introduce

6   evidence on your own behalf, and you would have the right to

7   have subpoenas issued or other process used to compel witnesses

8   to come to court and testify in your defense.

9           Do you understand all that?

10          THE DEFENDANT:  I do understand that, your Honor.

11          THE COURT:  At a trial, you would also have the right

12  to testify on your own behalf if you chose to do so, but you

13  would have the right not to testify as well; and if you chose

14  not to testify, then no one -- including the jury -- could draw

15  any inference or suggestion of your guilt from the fact that

16  you did not testify.

17          Do you understand that?

18          THE DEFENDANT:  I do understand that, yeah.

19          THE COURT:  Before a trial, you would have an

20  opportunity, if you have not waived it, to seek suppression or

21  exclusion of any evidence that the government would introduce

22  against you at a trial.

23          Do you understand that?

24          THE DEFENDANT:  I do understand that, your Honor.

25          THE COURT:  If you were convicted at a trial, you

hbk2ghaP kjc

1    would have the right to appeal that verdict and any pretrial

2    rulings that I made in your case.

3             Do you understand that?

4             THE DEFENDANT:  I do understand that, your Honor.

5             THE COURT:  If you plead guilty, you will also have to

6    give up your right not to incriminate yourself because I may

7    ask you questions about what you did in order to satisfy myself

8    that you are guilty as charged, and you will have to admit and

9    acknowledge your guilt.

10            Do you understand that?

11            THE DEFENDANT:  I do, your Honor.

12            THE COURT:  Now, in connection with what I asked you

13   before about the right to appeal any pretrial rulings, you may

14   recall that your lawyers earlier in this case filed a motion on

15   your behalf, but you subsequently withdrew that motion.

16            Do you understand that?

17            THE DEFENDANT:  I do, your Honor, yes.

18            THE COURT:  And do you understand that, by pleading

19   guilty, you are giving up your ability to raise that issue on

20   appeal, even though you didn't even pursue it here?

21            Do you understand that?

22            THE DEFENDANT:  Yes, I do, your Honor.

23            THE COURT:  Now, if you plead guilty and if I accept

24   your plea, you will give up your right to a trial and the other

25   rights that we have just discussed, other than your right to a

hbk2ghaP kjc

```
 1   lawyer, which you will keep whether or not you plead guilty,
 2   but there will be no trial and I will enter a judgment of
 3   guilty and sentence you on the basis of your plea after I have
 4   received a presentence report prepared by the United States
 5   Probation Department and any submissions that I get from the
 6   lawyers.  There will be no appeal with respect to whether you
 7   did or did not commit the charge to which you are pleading
 8   guilty and there will be no appeal with respect to whether the
 9   government could or could not use the evidence that it has
10   against you.
11             Do you understand all of that?
12             THE DEFENDANT:  Yes, I do, your Honor.
13             THE COURT:  Even now, as you are entering this guilty
14   plea, you have a right to change your mind, to plead not
15   guilty, and to go to trial on the charges in the indictment.
16             Do you understand that?
17             THE DEFENDANT:  I do, your Honor.
18             THE COURT:  Do you understand each and every one of
19   the rights that we have just discussed?
20             THE DEFENDANT:  Yes, your Honor.
21             THE COURT:  And are you willing to give up your right
22   to a trial and the other rights that we have discussed?
23             THE DEFENDANT:  Yes, your Honor.
24             THE COURT:  All right.  Do you understand that you are
25   charged in Count One with conspiring to import into the United
```

hbk2ghaP kjc

1    States, for purposes of distribution, certain controlled

2    substances, namely, five kilograms or more of mixtures and

3    substances containing a detectable amount of cocaine, in

4    violation of Title 21 United States Code § 963.

5            Do you understand that that is the charge?

6            THE DEFENDANT:  Yes, I do, your Honor.

7            THE COURT:  Mr. Turner, would you please state the

8    elements of that offense?

9            MR. TURNER:  Yes, your Honor.  There are three:

10           First, the existence of the charged conspiracy to

11   import a controlled substance into the United States;

12           Second, that the defendant knowingly and intentionally

13   joined that conspiracy; and,

14           Third, that the controlled substance involved was five

15   kilograms or more of mixtures and substances containing a

16   detectable amount of cocaine.

17           And the government would also be required to prove

18   that venue is proper in the Southern District of New York by a

19   preponderance of the evidence.

20           THE COURT:  Thank you.

21           Mr. Ghahremani, do you understand that, with the

22   exception of the venue requirement that Mr. Turner mentioned at

23   the end, "venue" being that the case is properly tried or

24   prosecuted in this district, that with the exception of that

25   element as to which the government's burden at a trial would be

hbk2ghaP kjc

1    a preponderance of the evidence, that if you were to go to

2    trial, the government would be required to prove each of the

3    other elements beyond a reasonable doubt before a jury could

4    find you guilty?

5              Do you understand that?

6              THE DEFENDANT:  Yes, I do, your Honor.

7              THE COURT:  Let me tell you about the maximum possible

8    sentences for this crime.  By "maximum" I mean the most that

9    could possibly be imposed upon you.  It doesn't mean that that

10   is the sentence that you will receive, but you have to

11   understand that, by pleading guilty, you are exposing yourself

12   to a combination of punishments up to the maximum that I am

13   going to tell you.

14             Do you understand that?

15             THE DEFENDANT:  Yes.  Yes, I do, your Honor.

16             THE COURT:  All right.

17             Now, let me start with the possible restrictions on

18   your liberty.  The maximum term of imprisonment for this crime

19   is life in prison, which could be followed by up to a lifetime

20   term of supervised release.  "Supervised release" means that

21   you would be subject to supervision by the probation

22   department.  There would be rules of supervised release that

23   you would be required to follow, and if you violated those

24   rules, you could be returned to prison to serve additional time

25   without a jury trial and without credit for time spent on your

hbk2ghaP kjc

1    underlying sentence or time spent on post-release supervision.

2              Do you understand all that?

3              THE DEFENDANT:  Yes, I do, your Honor.

4              THE COURT:  You should understand that there is no

5    parole in the federal system in this country, which means that

6    if you were sentenced to prison, you would not be released

7    early on parole.  There is a limited opportunity to earn credit

8    for good behavior, but if you were sentenced to prison, you

9    would have to serve at least 85 percent of the time to which

10   you were sentenced.

11             Do you understand that?

12             THE DEFENDANT:  Yes, I do, your Honor.

13             THE COURT:  In addition to those restrictions on your

14   liberty, the maximum possibility punishment also includes

15   certain financial penalties:

16             First, the maximum allowable fine is the greatest of

17   $10 million or twice the gross pecuniary, that is, financial,

18   gain derived from the offense or twice the gross pecuniary, or

19   financial, loss to someone other than you as a result of the

20   offense.

21             Second, I can order restitution to any person or

22   entity injured as a result of your criminal conduct.

23             Third, I can order you to forfeit all property derived

24   from the offense or used to facilitate the offense.  And on

25   that front, I note that in the plea agreement we will discuss

hbk2ghaP kjc

1  shortly you admit to the forfeiture allegation with respect to

2  Count One of the indictment.

3  　　　　And, finally, I must order a mandatory special

4  assessment of $100.

5  　　　　Do you understand that those are the maximum possible

6  penalties?

7  　　　　THE DEFENDANT:  Yes, your Honor, I do.

8  　　　　THE COURT:  In addition to understanding the maximum

9  possible penalties, you should understand that the crime to

10  which you are pleading guilty carries certain mandatory minimum

11  penalties, that is, absent a motion by the government or my

12  finding, which we will discuss in a moment in more detail, that

13  you qualify for what is known as the safety valve, that there

14  would be a mandatory minimum term of imprisonment, namely, ten

15  years, which would be followed by a mandatory minimum of at

16  least five years of supervised release.  That is, absent a

17  motion by the government or my finding that you qualify for the

18  safety valve, I would be required to impose at least ten years

19  of imprisonment followed by at least five years of supervised

20  release.

21  　　　　Do you understand that?

22  　　　　THE DEFENDANT:  Yes, I do, your Honor.

23  　　　　THE COURT:  Now in this case, even though there is

24  that mandatory minimum, my understanding from the plea

25  agreement, which we will discuss shortly, is that the

hbk2ghaP kjc

1    government agrees, at least for now, that you qualify for the

2    so-called safety valve, that is, a statutory provision that

3    says if you meet certain conditions, that the court is allowed

4    to sentence you without regard for the mandatory minimum.  You

5    get some credit under the guidelines; but, more importantly,

6    I'm not required to impose the mandatory minimum sentence of

7    ten years.  I can go below that.

8                Do you understand that?

9                THE DEFENDANT:  I do, your Honor.

10               THE COURT:  Do you understand that in order for you to

11    qualify, I need to make the determination that you qualify,

12    namely, that you meet the five requirements, or conditions, for

13    the so-called safety valve, and I'm not going to do that today.

14    I will do that at the time of sentencing.  And you will be

15    bound by your guilty plea whether I find that you qualify for

16    the so-called safety value or not.

17               Do you understand that?

18               THE DEFENDANT:  I do, your Honor.

19               THE COURT:  Are you a citizen of the United States?  I

20    take it not.

21               THE DEFENDANT:  No, I am not.

22               THE COURT:  Do you understand that, as a result of

23    your guilty plea, there may be adverse effects on your

24    immigration status; that you may, for example, be detained by

25    the immigration authorities following the completion of your

hbk2ghaP kjc

criminal sentence; that you may be removed or deported from the
United States; that you may be denied admission to the United
States; and that you may be denied citizenship in the United
States.

          Do you understand that those are some of the adverse
immigration consequences of a guilty plea?

          THE DEFENDANT:  Yes, your Honor, I do.

          THE COURT:  Have you discussed the potential
immigration consequences of your guilty plea with your
lawyers?

          THE DEFENDANT:  Yes, I have.

          THE COURT:  Now, on this subject, my understanding is
that, in the plea agreement we will discuss shortly, you have
actually agreed to the entry of an order of -- let me find the
actual language -- entry of a stipulated judicial order of
removal pursuant to Title 8 United States Code § 1228(c)(5),
that is, essentially you have agreed that I can sign an order
directing that you be removed to Norway either upon the
completion of your -- well, upon the completion of your
sentence.

          Is that correct?

          THE DEFENDANT:  That is correct, your Honor.

          THE COURT:  I have here a proposed order supported by
various documents, including one that appears to have been
signed by you and Ms. DeBlasio.  Is that correct?

hbk2ghaP kjc

1          THE DEFENDANT:  That's correct, your Honor.

2          THE COURT:  I'm showing you the page with your

3    signature dated today.  Is that your signature there?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Very good.

6          Do you, in fact, consent to my signing the stipulated

7    order of removal?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  All right.

10         Do you understand that as a result of your guilty

11   plea, you may also lose certain valuable civil rights in this

12   country, to the extent that you have them or could otherwise

13   obtain them, such as, the right to vote, the right to hold

14   public office, the right to serve on a jury, and the right to

15   possess any kind of firearm?

16         Do you understand that?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Are you serving any other sentence?

19         THE DEFENDANT:  No, your Honor.

20         THE COURT:  No other sentence in any other country?

21         THE DEFENDANT:  No, your Honor.

22         THE COURT:  And are you being prosecuted in any other

23   court at this time?

24         THE DEFENDANT:  No, your Honor.

25         THE COURT:  Do you understand that if your lawyers or

hbk2ghaP kjc

1    anyone else have attempted to predict what your sentence will

2    be in this case, that their predictions could be wrong?

3            Do you understand that?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  It is important for to you understand that

6    no one -- not your lawyers, not the government lawyers, no

7    one -- can give you any promise or assurance to what your

8    sentence will be in this case, and that is because your

9    sentence will be determined by me and by me alone, and I'm not

10   going to do that today.  Instead, I will wait until I receive

11   the presentence report prepared by the United States Probation

12   Department that I mentioned earlier, I will do my own

13   calculation of how the sentencing guidelines apply to your case

14   and consider any possible departures from the guidelines range,

15   I will consider any submissions I get from the lawyers, and

16   ultimately the factors that are set forth in a statute that

17   governs sentencing, Title 18 United States Code § 3553(a).

18           Do you understand all that?

19           THE DEFENDANT:  Yes, I do, your Honor.

20           THE COURT:  And have you discussed that process, the

21   sentencing process, with your lawyers?

22           THE DEFENDANT:  Yes, several times, your Honor.

23           THE COURT:  Even if your sentence is different from

24   what your lawyers or anyone else has told you that it might be,

25   even if it is different from what you hope or expect it to be,

hbk2ghaP kjc

1    and even if it is different from what may be in the plea

2    agreement with the government that we will discuss in a moment,

3    you will still be bound by your guilty plea and you will not be

4    allowed to withdraw your plea.

5            Do you understand that?

6            THE DEFENDANT:  I do, your Honor.

7            THE COURT:  Now, I understand that there is a written

8    plea agreement that you and your lawyers have entered into with

9    the lawyers for the government.

10           Is that correct?

11           THE DEFENDANT:  That is correct.

12           THE COURT:  I have the original letter plea agreement

13   here, dated November 16, 2017, from United States Attorneys

14   Crowley and Turner, to your lawyers Mr. Feitel and

15   Ms. DeBlasio.  I will mark this as Court Exhibit 2 and provide

16   it to the government to retain in its possession after this

17   proceeding.

18           I am also showing you the last page, where you appear

19   to have signed, dated today, November 20, as well.

20           If you can see it from there, is that your signature

21   there?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Before you signed the plea agreement, did

24   you read it?

25           THE DEFENDANT:  Yes, I did.

hbk2ghaP kjc

1          THE COURT:  Before you signed it, did you discuss it

2     with Ms. DeBlasio?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Did she answer whatever questions you may

5     have had and explain the form to you?

6          THE DEFENDANT:  Yes.  She explained everything, your

7     Honor.

8          THE COURT:  Before you signed the plea agreement, did

9     you fully understand it?

10          THE DEFENDANT:  Yes, your Honor, I did.

11          THE COURT:  All right.

12          Now, one of the features of your agreement is that you

13     have agreed with the government on how the United States

14     Sentencing Guidelines apply to your case.  Is that correct?

15          THE DEFENDANT:  Is that correct, your Honor.

16          THE COURT:  It's important for you to understand that

17     that agreement is binding on you and it is binding on the

18     government, but it is not binding on me; that is, I have my own

19     independent obligation to determine what the correct guidelines

20     range is.  I'm not suggesting to you that I will come up with a

21     different calculation than the one to which you have agreed,

22     but I could; and even if I did, you would still be bound by

23     your guilty plea and you would not be allowed to withdraw your

24     plea.

25          Do you understand that?

hbk2ghaP kjc

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Now, another feature of your agreement is

3   that you have agreed to give up or waive your right to appeal

4   or otherwise challenge any sentence that is within or below the

5   stipulated sentencing guidelines range of 135 to 168 months in

6   prison.  That means if I sentenced you to 168 months in prison

7   or anything less than 168 months in prison, you would still

8   be -- excuse me, you would not have any right to appeal or

9   challenge that sentence.

10          Do you understand that?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Does this written plea agreement

13   constitute your complete and total understanding of the entire

14   agreement between you and the government in this case?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Has anything been left out of the written

17   plea agreement?

18          THE DEFENDANT:  No, your Honor.

19          THE COURT:  Has anyone made any promise or offered you

20   any inducement to either plead guilty or to sign the plea

21   agreement?

22          THE DEFENDANT:  No, your Honor.

23          THE COURT:  Has anyone threatened you or forced you to

24   plead guilty or to sign the plea agreement?

25          THE DEFENDANT:  No, your Honor.

hbk2ghaP kjc

1          THE COURT:  Has anyone made a promise to you as to

2     what your sentence will be?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  All right.  Mr. Ghahremani, I would like

5     you now to tell me in your own words what you did that makes

6     you believe that you are guilty of the crime charged in Count

7     One of the indictment.

8          THE DEFENDANT:  Between 2014 and 2015, I agreed with

9     my codefendant to attempt to procure weapons for people we

10    believed to be Mexican cartel members, understanding that the

11    weapons could be used to protect the shipments of drugs, five

12    kilos or more, to the United States.

13         Among other steps, I put my codefendant in touch with

14    a confidential informant, and I paid for my codefendant to go

15    and meet the weapons suppliers and companies.  I believed that

16    that's a violation of the U.S. law.

17         THE COURT:  When you did these things, did you

18    understand and know that the object and the purpose of

19    essentially the agreement that you had with others was to

20    import five kilograms or more of cocaine into the United

21    States?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  And did you understand and know that that

24    violated American law?

25         THE DEFENDANT:  I do understand and know, your Honor,

hbk2ghaP kjc

1    yes.

2              THE COURT:  Mr. Turner, do you want to tell me what

3    the basis is for venue here?

4              MR. TURNER:  Your Honor, the government proffers that,

5    in connection with this case, the defendant was first brought

6    to and arrested in the Southern District of New York,

7    specifically, Westchester Airport, in White Plains, New York,

8    your Honor.

9              THE COURT:  Any dispute about that, Ms. DeBlasio?

10             MS. DeBLASIO:  No, your Honor.

11             THE COURT:  And let me ask you, Mr. Ghahremani, did

12   you understand and know that the purpose of the cocaine coming

13   here, that it was intended for distribution here in the United

14   States?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Ms. DeBlasio, have you discussed this

17   matter with Mr. Ghahremani?

18             MS. DeBLASIO:  I have, your Honor.

19             THE COURT:  I think I asked you that before.  But are

20   you aware of any valid defense that would prevail at trial or

21   of any reason why Mr. Ghahremani should not be permitted to

22   plead guilty?

23             THE DEFENDANT:  I am not aware of any valid defense or

24   why he should not be permitted to plead guilty.

25             THE COURT:  Mr. Turner, any other questions that you

hbk2ghaP kjc

1    would like me to ask Mr. Ghahremani?

2              MR. TURNER:  No, your Honor.

3              THE COURT:  Would you please proffer briefly what the

4    government's evidence would be if the defendant were to go to

5    trial and what it would show.

6              MR. TURNER:  Yes, your Honor.

7              The government's proof includes, among other evidence,

8    recordings of meetings involving the defendant and his

9    codefendant with multiple DEA confidential sources; documentary

10   evidence, including a weapons catalog provided by the defendant

11   and his codefendant to the confidential sources; videos sent by

12   the defendant to the sources showing his codefendant test

13   firing weapons; testimony from law enforcement officers who

14   conducted surveillance of these meetings; and testimony from

15   the DEA confidential sources who participated in those

16   meetings, your Honor.

17             THE COURT:  All right.  Do both counsel agree that

18   there is a sufficient factual basis for a guilty plea to Count

19   One?

20             MR. TURNER:  Yes, your Honor.

21             MS. DeBLASIO:  Yes, your Honor.

22             THE COURT:  And does either counsel know of any reason

23   that I should not accept the defendant's plea of guilty.

24             MR. TURNER:  No, Judge.

25             MS. DeBLASIO:  No, your Honor.

hbk2ghaP kjc

1          THE COURT:  Okay.  Mr. Ghahremani, because you

2    acknowledge that you are in fact guilty as charged in Count One

3    of the indictment, because I am satisfied that you know of your

4    rights, including your right to go to trial; because I find

5    that you are aware of the consequences of your guilty plea,

6    including the sentence that could be imposed upon you; and

7    because I find that you are knowingly and voluntarily pleading

8    guilty, I accept your guilty plea and enter a judgment of

9    guilty on Count One of the indictment.

10          The probation department will want to interview you in

11   connection with its preparation of the presentence report that

12   I mentioned earlier.  If you choose to speak with the probation

13   department, it is important that anything you say is truthful

14   and accurate.  Among other things, that report is important to

15   me in deciding what sentence to impose upon you.  Before

16   sentencing, you and your lawyers will have an opportunity to

17   review the report.  I will urge you to review it with care, and

18   if you find any mistakes in the report or anything that you

19   want to bring to my attention in connection with your

20   sentencing, that you share that with your lawyers so that they

21   can do so in the proper manner.

22          Do you understand that?

23          THE DEFENDANT:  Yes, I do, your Honor.

24          THE COURT:  Ms. DeBlasio, do you wish to be present in

25   connection with any interview?

hbk2ghaP kjc

1              MS. DeBLASIO:  Yes, your Honor, I do.

2              THE COURT:  I will order that no interview take place

3     unless counsel is present.

4              Sentencing will be set for March 1, 2018, at 3:30 in

5     the afternoon.

6              I direct the government to provide the probation

7     department with its factual statement of the offense within the

8     next seven days and defense counsel should arrange for the

9     defendant to be interviewed by probation within the next two

10    weeks.

11             In accordance with my individual rules and practices,

12    the defense submissions in connection with sentencing are due

13    two weeks prior to sentencing.  Government submissions are due

14    one week prior to sentencing.

15             In the unlikely event that you don't intend to file a

16    substantive sentencing submission, you should file a letter to

17    that effect just so that we don't have to track you down.

18             Anything else, Mr. Turner?

19             MR. TURNER:  No, your Honor.

20             THE COURT:  Ms. DeBlasio?

21             MS. DeBLASIO:  No.  Thank you, your Honor.

22             THE COURT:  All right.  I wish everybody a very happy

23    Thanksgiving, and we are adjourned.  Thank you.

24             MR. TURNER:  Thank you.

25                                   oOo